**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
DAMON M. JOHNSTON,                            )
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )          Civil Action No. 16-0796 (RC)
                                              )
CAROLYN W. COLVIN,                            )
Acting Commissioner of Social Security,       )
                                              )
                    Defendant.                )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint

[ECF No. 5].  For the reasons discussed below, the Court will grant defendant's motion and

dismiss this civil action.

### I. BACKGROUND

The plaintiff's complaint is brief, and it reads:

> My name is Damon Johnston.  I would like to appeal the case for
> my disability.  I still can't work & have Documents from both of my
> Doctors.  I need to see a judge.

Compl. at 1.  The preceding events are summarized below:

> On August 31, 2011, the [plaintiff] previously filed a Title II
> application for a period of disability and disability insurance
> benefits.   The [plaintiff] also protectively filed a Title XVI
> application for supplemental security income on August 31, 2011.
> In both applications, the [plaintiff] alleged disability beginning
> December 15, 2009.  These claims were denied initially on August

1

> 23, 2012, and upon reconsideration on December 27, 2012. Thereafter, the [plaintiff] filed a written request for hearing on February 1, 2013 . . . . The [plaintiff] appeared and testified at a hearing held on May 2, 2014 [at which the plaintiff was represented by counsel.]

Brief in Support of Def.'s Mot. to Dismiss Pl.'s Compl. [ECF No. 6] ("Def.'s Brief"), Decl. of Roxie Rasey Nicoll [ECF No. 6-1] ("Nicoll Decl."), Ex. 1 (Decision) at 1.

"On July 9, 2014 [the] Administrative Law Judge issued a decision denying the plaintiff's claim for benefits under Title II and XVI [of the Social Security Act]." Nicoll Decl. ¶ 3(a). The Decision was mailed on that same date to the plaintiff, whose address at that time was 10804 Slippery Elm Court, Clinton, MD 20735. *Id.*; *see id.*, Ex. 1 (Notice of Decision – Unfavorable dated June 9, 2014). The notice informed the plaintiff of his right to appeal the decision in writing within 60 days of the date he received the notice. *See id.* ¶ 3(a).

"Thereafter, the plaintiff requested review of [the Administrative Law Judge's decision, and on] November 13, 2015, the Appeals Council sent . . . notice of its action" to the plaintiff whose address at that time was 111 Rhode Island Avenue, N.E., Washington, DC 20002. *Id.* The Appeals Council denied the plaintiff's request for review, and informed the plaintiff of his "right to commence a civil action [in federal district court] within [60] days from the date of receipt" of its notice. *Id.*, Ex. 2 (Notice of Appeals Council Action) at 2. According to the defendant's declarant, the plaintiff did not request an extension of the 60-day period to file a civil action. *See id.* ¶ 3(b). The plaintiff filed this civil action on March 14, 2016.[1]

---

[1] The Court treats the Complaint as if it had been filed on March 14, 2015, the date on which the Clerk of Court received it and the plaintiff's application to proceed *in forma pauperis*.

## II. DISCUSSION

The defendant moves to dismiss the complaint as untimely filed.  *See generally* Def.'s Brief at 2-4.  She argues that the plaintiff should have commenced this civil action by January 18, 2016, and he failed to do so.  *See id.* at 3.  The plaintiff's opposition does not address the defendant's legal argument.  Rather, the plaintiff merely asserts that he is "not able to work because of [his] Disability."  Pl.'s Opp'n [ECF No. 8] at 1.  Among the plaintiff's exhibits are copies of medical examination reports, which appear to have been prepared in connection with an application for benefits through the District of Columbia Department of Human Services' Income Maintenance Administration.  *See generally id.*, Ex. (Medical Examination Reports dated May 2, 2016, July 13, 2015, December 15, 2014, November 4, 2014, and August 30, 2013).  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  "[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  An individual may request and the Appeals Council may extend the time for filing a civil action "upon a showing of good cause."  *Id.*

The defendant's declarant explains that, "if the Appeals Council denies a timely request for review of a hearing decision, that hearing decision becomes the 'final decision' within the meaning of, and subject to, the provisions for judicial review" set forth in 42 U.S.C. § 405(g). Nicoll Decl. ¶ 2.  Therefore, in this case, the final decision at issue is the Appeals Council's November 13, 2015 notice denying the plaintiff's request for review of the Administrative Law

Judge's decision.  Absent any showing by the plaintiff that he did not receive the Appeals

Council's November 13, 2015 notice within five days, and absent any indication that the plaintiff

sought or obtained an extension of time, *see* Nicoll Decl. ¶ 3(b), the plaintiff should have filed

this civil action by January 19, 2016.[2]  Instead, he filed this civil action on March 14, 2016,

nearly two months after the filing deadline had passed.

## III. CONCLUSION

The Court concludes that the plaintiff failed to file his civil complaint within 60 days of

receipt of the Commissioner's final decision.  Defendant's motion to dismiss will be granted, and

an Order is issued separately.

/s/

DATE: December 21, 2016                     RUDOLPH CONTRERAS
                                            United States District Judge

---

[2] January 18, 2016 fell on Martin Luther King, Jr. Day, a federal holiday.  The next business day was Tuesday, January 19, 2016.